IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLEAN HARBORS, INC., a Massachusetts corporation; and CLEAN HARBORS COFFEYVILLE, LLC, a Delaware limited liability company, )))))) | |
| Plaintiffs, )) | |
| v. ) | Case No. 10-CV-2017 KHV/JPO |
| CBS CORPORATION, a Delaware Corporation, ))))) | |
| Defendant. ) | |

AGREED PROTECTIVE ORDER

The parties anticipate that discovery in this case will involve the exchange of non-public information of plaintiffs and defendant, business information, and non-public financial information. Therefore, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, and ensure that protection is afforded only to such deemed material, on the agreement of the parties pursuant to Fed.R.Civ.P. 26(c) and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. **Confidential Information**. The parties have agreed that certain documents and information, if produced or disclosed during this litigation, should be treated as confidential. As used in this Order, the term "Confidential Information" means any document, deposition transcript (or portion thereof), request for admission response, or interrogatory response that contains or refers to:

(a) Non-public information of plaintiffs and of defendant, which consists of non-public and confidential:

(1) business and operations methods, including policies, procedures and protocols;

(2) internal business and corporate records and reports; and

(3) personnel and service records and files relating to employees;

(b) corporate policies and practices, including corporate strategies, decisions and actions;

(c) non-public financial information of any party.

2. **Designating Documents and Information as Confidential**. Any party to this action may designate as "Confidential Information" documents, responses to interrogatories, requests for admissions, or requests for production of documents produced after entry of this Order by stamping or labeling the document or response with the word "Confidential." Documents or responses shall not be treated as confidential pursuant to this Order unless they are stamped or labeled as "Confidential." The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents, including electronic copies, responses to interrogatories, requests for admissions, and requests for production of documents, and/or testimony relating to the subjects

enumerated in paragraph 1 may be designated as Confidential Information.

3. **Designating Deposition Testimony as Confidential.** Any party may designate deposition testimony relating to the subjects enumerated in paragraph 1 above as "Confidential Information" by advising counsel of record by letter within thirty days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. All deposition testimony shall be deemed confidential for a period of thirty days after counsel's receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present at the deposition that the information is confidential and subject to this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential. There shall be no need to re-designate documents or exhibits which have been previously designated as confidential.

4. **Limited Disclosure of Confidential Information.** Any documents, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this

case. Except upon further Order of this Court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than:

    a.    Counsel and in-house counsel for the parties in this action who are actively engaged in the conduct of this litigation; and the partners, associates, secretaries, legal assistants, employees and agents of such counsel, to the extent reasonably necessary to render professional services in the litigation;

    b.    The parties and any current director, officer, employee, representative, or insurer of a party;

    c.    Persons with prior knowledge of the documents or the Confidential Information contained therein;

    d.    Any person who otherwise would be entitled to review the Confidential Information as a result of (i) financial or regulatory audit obligations; or (ii) local, state, federal or other laws;

    e.    Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

    f.    Any expert witness or outside consultant retained or consulted by the parties, to the extent reasonably necessary to render professional services to the litigation;

g. Any independent document reproduction services or document recording and retrieval services;

h. Any witness called to testify at deposition or trial and any counsel for such witness;

i. Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order or by agreement of the parties.

5. **Disputes Concerning Designation(s) of Confidential Information**. In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as Confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court. The burden of proving the propriety of a designation of confidentiality is on the designating party.

6. **Use of Confidential Information**. Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose, except as set forth in paragraph 4 of this Order.

7. **Maintaining Confidentiality**. The party who receives any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area. The party who receives any Confidential Information shall take care

that any such information or the substance or content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than qualified persons.

8. **Filing Confidential Information**. If any information which a party designates as "Confidential" is filed with the Court as a part of a motion, brief, or related matter (unless otherwise agreed by the parties or ordered by the Court), that Confidential Information shall be filed in accordance with the rules and procedures outlined by this Court for filing confidential information under seal.

9. **Confidential Information at Trial**. Subject to evidentiary procedures and rules or orders of this Court, Confidential Information may be offered in evidence at trial or any court hearing. Any party may move the Court for an order that the Confidential Information be received in camera or under such other conditions as are necessary to prevent disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection may be afforded such information at the trial.

10. **Non-Waiver Regarding Privileged Information**. This Order does not affect the right of any Part to claim any applicable privilege or work product protection of any information and/or any Party's right, subject to the provisions of Federal Rules of Civil Procedure and applicable law, to seek the return, or oppose the return of any privileged information or work product that has been disclosed.

11. **Return of Confidential Information**. Within 60 days of the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise:

    a. Counsel of record for each party receiving Confidential Information shall, upon request, return to the designating party (or, by agreement among the parties, destroy) all such documents containing Confidential Information and all notes, memoranda, copies, abstracts, excerpts, or other parts, except that all materials constituting work product of such counsel shall be destroyed by the party in possession;

    b. All parties who received any Confidential Information, shall return to the producing party (or, by agreement among the parties, destroy) all copies of Confidential Information that are in the possession of such party(ies), together with all notes, copies, abstracts, excerpts, memoranda, or other parts, and counsel for the designating party shall dispose of the documents and things in accordance with paragraph 11.a.;

    c. Counsel of record for each party shall confirm in writing that all Confidential Information, documents and things together with all notes, copies, abstracts, memoranda, excerpts, or other parts have been returned to the producing party or destroyed in accordance with the terms of paragraphs 11.a. and 11.b. above.

12. **No Admission**. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

13. **Enforcement**. The Court's jurisdiction terminates upon final disposition of the case. A party may, however, seek leave to reopen the case to enforce the provisions of this Order.

IT IS HEREBY ORDERED this 6th day of July, 2010.

                                          s/ James P. O'Hara
                                          THE HONORABLE JAMES P. O'HARA
                                          UNITED STATES MAGISTRATE JUDGE

APPROVED BY:
SHOOK HARDY & BACON, LLP

/s/ David R. Erickson
David R. Erickson    KS #12539
Mark Moedritzer D. Kan. #70179
Kristen F. Trainor, KS #17488
Mathew L. Larsen    D. Kan #78216
2555 Grand Boulevard
Kansas City, MO 64108-2613
(816) 474-6550
Facsimile: (816) 421-5547
derickson@shb.com
mlarsen@shb.com

**ATTORNEYS FOR PLAINTIFFS**

SPENCER FANE BRITT & BROWNE LLP

/s/ J. Nick Badgerow
J. Nick Badgerow         #9138
James T. Price           Mo. Bar #30825
9401 Indian Creek Parkway
Building 40, Suite 700
Overland Park, KS 66210
(913) 345-8100
(913) 345-0736 (Facsimile)

Steven J. Baicker-McKee
Lindsay Howard
Kevin L. Barley
Babst, Calland, Clements & Zomnir, P.C.
Two Gateway Center, 7th Floor
Pittsburgh, PA  15222
Phone:  412-394-6535
Facsimile:  412-586-1057
sbaicker-mckee@bccz.com
lhoward@bccz.com
kbarley@bccz.com

**ATTORNEYS FOR DEFENDANT**