## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CLEAN HARBORS, INC.** and **CLEAN HARBORS COFFEYVILLE, LLC,**  Plaintiffs,  v.  **CBS CORPORATION,**  Defendant. | CIVIL ACTION  No. 10-2017-KHV |

## MEMORANDUM AND ORDER

Clean Harbors, Inc. and Clean Harbors Coffeyville, LLC (together "Clean Harbors") bring suit against CBS Corporation for damages due to environmental contamination at a waste-management facility in Coffeyville, Kansas. Clean Harbors currently owns the facility; CBS Corporation's predecessors in interest previously owned it. This matter is before the Court on CBS Corporation's Renewed Motion To Dismiss (Doc. #61) filed April 13, 2011, and Clean Harbors' Renewed Motion For *De Novo* Review Of And Objections To Order Denying Plaintiffs' Motion For Leave To File First Amended Complaint And Memorandum In Support (Doc. #62) filed April 14, 2011.

Clean Harbors' original complaint brought claims for violation of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 et seq. (Count I); declaratory judgment that defendant is responsible to complete remediation of contamination at the facility (Count II); negligence (Count III); trespass (Count IV); nuisance (Count V); strict liability (Count VI); unjust enrichment (Count VII); and contractual indemnification (Count VIII). Clean Harbors seeks to amend its complaint to add a claim for common law, i.e. implied, indemnification as an alternative to its contractual indemnification theory of recovery.

This case is closely intertwined with a Delaware bankruptcy case which is now on appeal to

the U.S. District Court for the District of Delaware.  See Clean Harbors Envt'l Servs., Inc. v. CBS Corp., No. 09-721-GMS (D. Del.); In re Safety-Kleen Corp., No. 00-2303 (PJW) (Bankr. D. Del.). Safety-Kleen is the debtor in the Delaware cases.  Pursuant to a stock purchase agreement ("SPA") on March 7, 1995, Rollins Environmental Services, a predecessor in interest to Safety-Kleen, acquired the facility from Westinghouse Electric Corporation, a predecessor in interest to CBS Corporation. Westinghouse and its successors in interest retained the obligation to investigate and remediate contamination at the facility.

Safety-Kleen subsequently filed for bankruptcy under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.  In 2002, Clean Harbors purchased the facility from Safety-Kleen as part of a sale of assets during the bankruptcy proceedings.  In connection with the purchase, Safety-Kleen assigned to Clean Harbors its indemnification rights under the SPA as against CBS Corporation and its predecessors in interest.

As part of the bankruptcy proceedings, Safety-Kleen and Viacom (a predecessor in interest to CBS Corporation) stipulated to reject the SPA pursuant to Section 365 of the Bankruptcy Code, 11 U.S.C. § 365.  The bankruptcy court subsequently incorporated the stipulation into an order.  Under Rule 60(b), Fed. R. Civ. P., Clean Harbors asked the bankruptcy court to set aside the order and to declare that Safety-Kleen's rejection of the SPA did not affect Clean Harbors' rights under the SPA as against CBS Corporation.

On August 25, 2009, the Delaware Bankruptcy Court rejected Clean Harbors' Rule 60(b) motion to set aside the stipulation and order.  The court approved the stipulation rejecting the SPA and declined to enter an order preserving Clean Harbors' rights under the SPA.

Clean Harbors appealed the bankruptcy court's ruling to the U.S. District Court for the District

of Delaware. That appeal is currently pending and ripe for decision. The question on appeal is whether the bankruptcy court properly allowed Safety-Kleen to reject the SPA and whether such rejection extinguishes Clean Harbors' rights under it with respect to CBS Corporation. See Opening Brief On Behalf Of Appellant, Clean Harbors Environmental Services, Inc. (Doc. #8 in Delaware case No. 09-721) filed February 1, 2010 at 1-2.

Thus, the Delaware district court's decision bears greatly on whether Clean Harbors' claims can survive CBS Corporation's motion to dismiss. For example, if Clean Harbors has no rights under the SPA, then its contractual indemnification claim would be subject to dismissal. If Clean Harbors may assert rights and claims under the SPA against CBS Corporation, the SPA's exclusive remedies provision could bar Clean Harbors' statutory and tort claims. In addition, Clean Harbors' motion to amend its complaint would be moot if it could maintain its statutory indemnification claim under the SPA. Because the Delaware decision will affect the resolution of issues raised by the parties' motions, the Court declines to rule on them until the Delaware court has ruled on Clean Harbors' appeal.[1]

---

[1] CBS Corporation first raised this issue in its Motion To Stay Proceedings (Doc. #6) filed February 24, 2010. Clean Harbors opposed the motion for four reasons: (1) the issues and claims in the two cases are very different – the claims in this case are based primarily on CBS Corporation's responsibility to investigate and remediate environmental contamination under federal statutes and the common law, rather than the contractual indemnity obligations at issue in the Delaware appeal; (2) the Delaware case will not resolve this case and that this case will proceed regardless of the outcome of the Delaware case; (3) Clean Harbors needs to conduct discovery in this case on matters that the Delaware case will not affect; and (4) Clean Harbors will be prejudiced by any delay. Plaintiffs' Response And Suggestions In Opposition To Defendant's Motion To Stay Proceedings (Doc. #15) filed March 31, 2010.

On April 19, 2010, U.S. Magistrate Judge James P. O'Hara denied CBS Corporation's motion to stay for substantially the reasons stated in Clean Harbors' response. See Order (Doc. #18). Judge O'Hara noted that he was "sympathetic to CBS's argument that if it 'is forced to file a motion to dismiss before the Delaware court resolves the status of the SPA,' the parties would be required to brief, and the court would be required to adjudicate, 'two sets of issues when we know with certainty that only one set will be necessary if we wait until the Delaware court makes its

(continued...)

Accordingly, the Court overrules CBS Corporation's renewed motion to dismiss and Clean Harbors' renewed motion to amend its complaint. The parties shall file any renewed motion within 30 days after the Delaware district court rules on Clean Harbors' appeal. All deadlines in the Second Amended Scheduling Order (Doc. #58) filed February 14, 2011, as amended by Judge O'Hara's Order (Doc. #72) filed September 7, 2011, remain in effect.

**IT IS THEREFORE ORDERED** that CBS Corporation's Renewed Motion To Dismiss (Doc. #61) filed April 13, 2011 and Clean Harbors' Renewed Motion For *De Novo* Review Of And Objections To Order Denying Plaintiffs' Motion For Leave To File First Amended Complaint And Memorandum In Support (Doc. #62) filed April 14, 2011 be and hereby are **OVERRULED.** The parties shall file any renewed motion within 30 days after the Delaware district court rules on Clean Harbors' appeal in Clean Harbors Envt'l Servs., Inc. v. CBS Corp., No. 09-721-GMS (D. Del.).

Dated this 28th day of September, 2011 at Kansas City, Kansas.

s/Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1](...continued)
ruling.'" Id. at 7. He also noted that although this "state of uncertainty . . . does not convince the court the entire case should be stayed" it "might justify postponing the dispositive motion deadline until after the Delaware court rules." Id. at 7-8.

In its response to CBS Corporation's motion to stay, Clean Harbors correctly noted that the issues and claims in this case and the question presented on appeal in the Delaware case are different, that a decision in the Delaware case will not resolve this case and that the issues in this case require independent discovery. The two cases do, however, share a central question, i.e. whether Clean Harbors may assert rights and claims under the SPA against CBS Corporation. For the reasons stated above, now is the time to wait for the Delaware district court to rule.